Opinion by
Walker, P. J.
§ 832. Negotiable instrument; possession of, carries title, when, against real owner; case stated. Beck sold to appellant a promissory note payable to Lucetta Bear’d *732 or bearer,— representing that said note was his property. At the time of the purchase the three days’ grace on the note had not expired. Lucetta Beard was in fact the real owner of the note, and recovered the same of appellant. Appellant then brought this suit against appellee to recover the amount it had paid him for said note. A general demurrer was sustained to its petition and the suit dismissed. Held: The gist of the plaintiff’s cause of action was in the damage it sustained by the false and alleged fraudulent representations made by the defendant which induced the plaintiff to purchase the note, which plaintiff alleges was not the property of defendant but belonged to Lucetta Beard, the payee of said note. The note was negotiable, and was payable to the payee named in it, or to bearer. If the plaintiff acquired the note while it was current and negotiable,— before due, for a valuable consideration in the due course of trade and without notice of defect of title, or of any defense that might be urged against it,— it would have acquired a good title thereto, and could have collected the note not: withstanding the real ownership was in another. The possession, under such circumstances, of a negotiable instrument payable to bearer, carries title to the holder, and imports that he is the owner thereof, entitled to recover the full amount against the maker. [1 Daniel’s Neg. Insts. §§ 769a, 812.] If the plaintiff acquired the note under these conditions, it could not have been injured by the alleged false and fraudulent representations of the defendant as to his ownership of the note.
§ 833. Dqys of grace; note is not due until expiration of. The note was payable on January 1, 1883. Appellant acquired it from appellee January 3, 1883,— which was within the three days of grace allowed by law “ on all bills of exchange and promissory notes assignable or negotiable by law.” [R. S. art. 276.] Held: 1. The note was acquired by appellant before its maturity. [Watkins v. Wells, 58 Tex. 523; ante, § 270; Crosby v. Grant, 36 N. H. 273; Fox v. Bank, 1 Pac. Rep. 791; 1 Dan. Neg. Inst. *733 § 614.] 2. Appellant by said purchase acquired a valid title to the note, against Lucetta Beard, the true owner thereof. [R. S. arts. 265, 272.]
May 11, 1885.
Affirmed.